# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: February 13, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| WILLIAM R. EDDINGTON, | * | UNPUBLISHED |
| Petitioner, | * | No. 21-1906V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Bryn E. Hazelwonder, Whitfield & Eddy, Des Moines, IA, for Petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 24, 2021, William R. Eddington ("Petitioner"), filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on October 11, 2018, he suffered chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition at Preamble (ECF No. 1). The undersigned issued a decision awarding damages based on stipulation on August 28, 2024. Decision Based on Stipulation dated Aug. 28, 2024 (ECF No. 119).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 5, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Fees and Costs ("Pet. App."), filed Sept. 5, 2024 (ECF No. 124). Petitioner requests compensation in the amount of $58,666.49, representing $44,068.50 in attorneys' fees and $14,597.99 in costs ($1,752.55 of which was personally paid by Petitioner). Id. at 2, 5-6, 5 n.1. Respondent filed his response on September 6, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App. ("Resp. Response."), filed Sept. 6, 2024, at 2 (ECF No. 125). Petitioner did not file a reply. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Bryn Hazelwonder, $175.00 per hour for work performed in 2020, $195.00 per hour for work performed in 2021, $220.00 per hour for work performed in 2022, $250.00 per hour for work performed in 2023, and $325.00 per hour for work performed in 2024; and for Zach Hermsen, $255.00 per hour for work performed in 2020, $295.00 per hour for work performed in 2021, $330.00 per hour for work performed in 2022, $350.00 per hour for work performed in 2023, and $400.00 per hour for work performed in 2024.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.[3] The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full. Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Petitioner is awarded attorneys' fees and costs in the total amount of $58,666.49 (representing $56,913.94 for Petitioner's attorneys' fees and costs and $1,752.55 for Petitioner's personally incurred costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

---

[3] The undersigned notes Bryn Hazelwonder has been awarded two different rates for 2023 and 2024 and Zach Hermsen has been awarded two different rates for 2023. The undersigned makes no finding as to which rate is appropriate as she finds the total amount requested for fees is appropriate.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master